*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

**ENTRY ORDER**

SUPREME COURT DOCKET NO. 2012-311

APRIL TERM, 2013

| | |
|---|---|
| Carol Sinchak | }    APPEALED FROM: |
| | } |
| | }    Superior Court, Chittenden Unit, |
| v. | }    Family Division |
| | } |
| | } |
| John Sinchak | }    DOCKET NO. 635-8-07 Cndm |

Trial Judge: A. Gregory Rainville

In the above-entitled cause, the Clerk will enter:

Husband appeals from a superior court order granting wife's motion to enforce a spousal maintenance provision in the parties' divorce judgment. He contends the evidence and findings were insufficient to support the order. For the reasons set forth below, we conclude that the judgment must be reversed, and the matter remanded.

The facts may be summarized as follows. The parties were divorced pursuant to a stipulated final judgment in February 2008. The judgment required husband to pay wife spousal maintenance of $2000 per month until wife reaches the age of sixty-five, which later testimony established to be in September 2015. In March 2012, wife filed a motion to enforce the spousal maintenance award, claiming that husband had failed to make full and regular payments since 2009, and was over $21,000 in arrears. Husband opposed the motion and simultaneously moved to retroactively amend the maintenance award to reflect the parties' alleged agreement in 2009 to reduce the payments to $1000 per month, the result, he claimed, of his forced retirement from IBM in March 2009 that sharply altered his financial circumstances.

A hearing on the motions was held over two days in May and July 2012. The court reviewed the parties' respective positions with counsel, and then questioned each of the parties separately under oath. Husband testified that he worked for IBM for thirty-eight years, and was forced to retire in 2009 at age sixty. He was earning $105,000 per year at the time of his retirement. His income since then consisted of a pension of about $50,000 per year, social security benefits that he began receiving when he turned sixty-two, and money from cashing in retirement accounts. Husband's attorney introduced several spread sheets purporting to show husband's maintenance payments from 2009 through 2011. Each of the documents contained a statement indicating that the figures had "been agreed to by both" parties, and the March 2009 payment was accompanied by the statement, "[Husband] laid off (retired), [wife] agrees to cut alimony in half." The documents were signed by both parties.

In response to the court's inquiry into husband's assets, his attorney volunteered that husband had "four shares of IBM stock worth 800." Wife's counsel then stated that husband had informed her that he had transferred 770 shares of IBM stock to his stepdaughter (wife's daughter) in 2009 to avoid taxes when "he was cashing them out," and that the stepdaughter "won't give it back to him now." Husband's attorney confirmed that the stocks were in the stepdaughter's name, and the court, in response, observed, "I can't consider it as an asset if it's in her name." Wife's counsel then indicated that the stocks represented "$51,000 in money that he may or may not be able to get back," whereupon husband interjected that the value was "[q]uite a bit more." The court observed that he "thought they were 200 a share," and defendant agreed. Husband's attorney then closed the exchange, stating that husband "doesn't have them and they're not titled in his name . . . its held by [wife's] daughter."

Wife's attorney returned to the subject shortly thereafter, however, asking whether husband contemplated "a lawsuit for conversion of these shares, or is he giving up any ownership that he has in them?" Husband did not respond, but on further questioning the court confirmed that the shares had been awarded to husband in the divorce judgment, and mused, "So there's a potential asset of another $150,000." Defendant then volunteered that there were only about 555 shares left.

Wife testified briefly, claiming that she had signed the financial statements submitted by husband under duress.

The trial court made findings on the record at the conclusion of the hearing. The court initially found that husband's "financial status has been substantially diminished as of March of 2009 due to the IBM forced retirement," that his income had "substantially declined," and that he was unemployable due to his age and mental health condition, all of which "might well justify a modification of the spouse support." The court also found, however, that husband still had substantial income from his pension and social security benefits, and from cashing out his retirement benefits.

The court then announced that it had "come up with a decision" that would free husband from "pay[ing] out any more money" while affording wife "the benefit of additional income. And that is, I'm going to award her your IBM stock." In this regard, the court found that husband transferred the stock to his stepdaughter and that "its been represented that [she's] unwilling" to retransfer them. Husband then interrupted, stating, "I would like to take her to court." The court responded by stating his "educated opinion . . . off the record that [stepdaughter] is hanging onto those shares for the benefit of [wife]," and that husband would "have a very difficult time, from a legal point of view, ever getting control of those shares."

Defendant demurred, insisting that he could prove otherwise, but the court was unmoved, stating, "[w]hatever you claim . . . those shares are now awarded to her, and it's now her problem to get that money from [stepdaughter]." The court reassured husband that, as a result of its ruling, "[y]ou don't have to pay [wife] one more dime from this day forward of spousal maintenance," as the stocks would satisfy wife's claim "that she is owed another 104,000, 105,000, something like that, including retroactive spousal maintenance, up through to the time that she turns 65."

2

Following the hearing, the court issued a judgment order, finding that there had been a real, substantial, and unanticipated change of circumstances, and concluding: "[Wife] shall have the ability to recoup the IBM stock currently in [stepdaughter's] possession and control. [H]usband shall not make any attempt to regain possession or control of those stocks. The spousal maintenance obligation has been satisfied." This appeal by husband followed.

Husband contends the trial court failed to make essential findings and conclusions on the issues raised in the parties' respective motions and contested at the hearing, including wife's claimed arrears, the validity of the claimed agreement to modify spousal maintenance, and the value of the IBM stock that the court apparently substituted for the maintenance award. We agree that the court's findings and conclusions were insufficient. As we have observed, "[t]he trial court has a fundamental duty to make all findings necessary to support its conclusions, resolve the issues before it, and provide an adequate basis for appellate review." Sec'y, Vt. Agency of Natural Res. v. Irish, 169 Vt. 407, 419 (1999). The record here shows that the trial court not only failed to make findings essential to resolve wife's motion to enforce based on her claim that husband was in arrears or to resolve husband's counter motion based on his claim that the parties had agreed to reduce the original maintenance award, but failed to rule on the motions altogether. Instead, the court ordered a resolution which neither party had requested, argued, or briefed, granting wife the right to "recoup" the IBM stock and barring husband from attempting to "regain possession" without making any findings or explaining how, if at all, it resolved the parties' respective claims, much less providing a basis for informed appellate review.[*] We conclude, therefore, that the matter must be remanded for further proceedings to correct these deficiencies.

Reversed and remanded.

BY THE COURT:

_____
John A. Dooley, Associate Justice

_____
Brian L. Burgess, Associate Justice

_____
Beth Robinson, Associate Justice

[*] In view of our remand for a new order supported by findings and conclusions on the claims raised, we need not necessarily consider the court's authority to modify a maintenance award by substituting what amounts to a "chose in action," i.e., the right to maintain a lawsuit, which arose after the divorce judgment. We note that in addition to failing to include findings that address the parties' respective motions, the decision below does not identify a legal basis for the court's action.